The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: June 25 2015

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 15-31170 |
| | ) | |
| Veronica Williams, | ) | Chapter 7 |
| | ) | |
| Debtor(s). | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

**MEMORANDUM OF DECISION REGARDING
MOTION TO AVOID LIEN**

This case is before the court on the motion of Debtor Veronica Williams ("Debtor" or "Williams") to avoid the judicial lien of Duane Tillimon ("Tillimon") against Debtor's interest in certain real estate pursuant to 11 U.S.C. § 522(f) ("Motion"), [Doc. # 7], and Tillimon's objection to the Motion, [Doc. # 9]. The court held an evidentiary hearing on the Motion at which Debtor, Attorney for Debtor and Tillimon all appeared in person. At the conclusion of the hearing, the court decided and announced that it was granting the Motion. This Memorandum of Decision memorializes the court's oral findings of fact and conclusions of law supporting its decision.

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of

Ohio. The Motion is a core proceeding that this court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(K) and (O).

Debtor owns residential real estate located at 309 Pulaski Street, Toledo, Ohio 43607. She seeks to avoid a judicial lien obtained by Tillimon against that property in the principal amount of $9,715,72 plus interest, that was duly and properly filed in the Lucas County, Ohio Court of Common Pleas. Debtor argues that Tillimon's judicial lien impairs her Ohio homestead exemption in the property and that she is therefore entitled to avoid it in its entirety under 11 U.S.C. § 522(f). Tillimon disputes that Debtor uses the property as her residence and thus whether she is even entitled to claim the Ohio homestead exemption on it. He also disputes that the value of the property is only $15,000, as Debtor contends. Tillimon asserts that the value of the property is more than that.

Under 11 U.S.C. § 522(b)(1), Ohio has opted out of the federal bankruptcy exemptions established under 11 U.S.C. § 522(d). Ohio Rev. Code § 2329.662. Bankruptcy debtors like Williams domiciled in Ohio for a requisite period of time designated by Congress, 11 U.S.C. § 522(b)(3), are, therefore, entitled to claim exemptions allowed by Ohio law. Under Ohio law, a debtor is entitled to a homestead exemption currently in the amount of $132,900.00 as the amount determined effective April 1, 2013, based on the consumer price index. *See* Ohio Rev. Code § 2329.66(A)(1)(b). The Ohio homestead exemption applies to "the person's interest...in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence." *Id*.

The Bankruptcy Code, in turn, establishes grounds for avoiding judicial liens that impair an exemption to which a debtor is entitled. Specifically, § 522(f) provides as follows:

> (1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--
>
> (A) a judicial lien . . .

There is no dispute that Tillimon has a judicial lien on Debtor's real estate. A lien is considered to impair an exemption to the extent that the sum of the lien, all other liens on the property, and the amount of the exemption that the debtor could claim if there were no liens on the property exceeds the value that the debtor's interest in the property would have in the absence of any liens. 11 U.S.C. § 522(f)(2).

The first issue is whether Debtor uses the 309 Pulaski Street property as her residence and is thus

entitled to claim an Ohio homestead exemption in it. Tillimon questions whether Debtor actually lived there at the commencement of this Chapter 7 case, and whether she intended to remain there because there is no Ohio homestead real property tax credit shown on the Lucas County Auditor's records of the 309 Pulaski Street address. Indeed, Tillimon's judgment against Debtor arises out of a landlord-tenant relationship at a prior address.

At the hearing, Debtor testified about where she lived at the commencement of the case and continues to live. Debtor explained that she lived at the 309 Pulaski Street property at the time she filed her bankruptcy case, and has lived there since approximately 2010 when she left one of Tillimon's properties. Debtor's mother and brother lived at her 309 Pulaski Street property before she moved in, but she indicated that she did not charge them rent and never treated it as a rental property. The court finds Debtor's testimony about where she lived at filing to be credible.

Debtor also supported her testimony with various documents showing 309 Pulaski Street as her address. Although for reasons stated on the record at the hearing the court disregarded her temporary driver's license document, [Ex. 1], the paycheck stub, her 2014 federal income tax return and a utility bill in her name, [Exs. 2-4], all buttress her testimony as to where she lived at the commencement of this case on April 15, 2015. According to Debtor's testimony, her 2014 tax return showing her address as 309 Pulaski Street was filed at least two months before commencement of this case. It strikes the court as extremely unlikely that Debtor would lie to IRS about where she lived in the months leading up to her bankruptcy filing. She also listed the 309 Pulaski Street address as her residence in the petition in this case, which she signed under penalties of perjury. Moreover, the utility bill would suffice to show where she lives for purposes of voting identification.

Tillimon also questioned whether Debtor intended to continue living at the residence because the Lucas County, Ohio Auditor's information does not show that Debtor is claiming a homestead tax exemption on the property. To the extent future intent to remain at an address is relevant at all to a statute that bases entitlement on the present tense word "uses" as a residence, the intention to remain in the future and a short duration in place relate primarily to credibility of use as a residence at the specified time. Morever, the homestead exemption to which Tillimon refers is an entirely different statutory scheme under Ohio law that allows certain taxpayers based on age and income or disability to claim a real property tax credit for their homestead. The absence of a claim or entitlement to that tax credit under a different statute

for a different purpose is of minimal relevance to whether Debtor used the 309 Pulaski Street property as her residence as of April 15, 2015, for purposes of entitlement to the Ohio homestead exemption from creditor claims under § 2329.66(A)(1).

Based on the credible and persuasive evidence presented at the hearing, the court finds as a matter of fact that Debtor used the premises at 309 Pulaski Street, Toledo, Ohio 43607 as her residence at the time she filed this Chapter 7 case on April 15, 2015. As a result, the court finds as a matter of law that Debtor is entitled to claim an exemption under Ohio Rev. Code § 2329.66(A)(1)(b) in the 309 Pulaski Street property to which Tillimon's judicial lien has attached.

Debtor properly claimed the current Ohio exemption amount of $132,900 in the 309 Pulaski Street property on her Schedule C filed with her petition. [Doc. # 1, p. 12/45]. There are no other identified encumbrances on the property besides Tillimon's judicial lien.

In order to apply the formula set forth in § 522(f), the court needs to determine a value for the 309 Pulaksi Street property. Debtor scheduled the property with a value of $15,000. [Doc. # 1, pp. 8, 12 and 13/45]. While not determinative, owners are competent to provide an opinion on the value of their real estate. At the hearing, the Lucas County, Ohio auditor's valuation of the property was also admitted into evidence, which includes a photo of the property. [Exh. A]. The auditor values the property at $15,400 for real property taxation purposes. Based on the photo included in the Auditor's information, Debtor's testimony and the auditor's 100% valuation figure, and given its location in the City of Toledo, the court is persuaded and finds as a matter of fact that the property has a value of $15,000. Given the high amount of the Ohio exemption at $132,900, however, this issue is almost academic. Even if the property is worth more than $15,000, its value is quite clearly nowhere near that $132,900 exemption amount, a point with which Debtor agreed.

Applying the impairment formula set forth in § 522(f)(2)(A) to the facts in this case, Debtor's exemption is impaired to the extent that the sum of all liens plus her Ohio exemption amount exceed the value of Debtor's property interest if there were no liens on the property:

4

|                                              |              |
|----------------------------------------------|--------------|
| Creditor's lien:                             | $    9,715.72[1] |
| Exemption:                                   | 132,900.00   |
|     Total                                    | $142,615.72  |
| Less the value of Debtor's unencumbered home:|   15,000.00  |
|     Impairment:                              | $127,615.72  |

Because the $127,615.72 (and more) amount of the impairment exceeds the $9,715.72 (and more) amount secured by Tillimon's judicial lien on the property at 309 Pulaski, Toledo, Ohio 43607, Tillimon's lien is avoidable in full. *See Holland v. Star Bank. N.A. (In re Holland)*, 151 F.3d 547, 550 (6th Cir. 1998).

For the foregoing reasons, and for the reasons more fully stated on the record by the court at the hearing, Debtor's Motion will be granted and Tillimon's judicial lien will be avoided in full. The court will enter a separate order in accordance with this Memorandum of Decision.

###

---

[1] This is the principal amount of Tillimon's judgment. It has also been accruing interest since entry through at least the commencement of this case. The record does not identify a more precise amount secured by Tillimon's judicial lien as of the commencement of the case. Again, however, given the relatively low value of the property and the large Ohio homestead exemption amount, as shown by application of the formula, plugging the actual larger amount of the judgment debt including interest into the formula only increases the impairment and does not affect the outcome of the Motion.